UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------------------------------X

MED-ASIA SHIPPING LTD.,

               Plaintiff,

   - against -

SHANGHAI SHENGLIAN INTERNATIONAL
FREIGHT FORWARDING CO. LTD. a/k/a SHANGHAI
SHENGLIAN INT'L FRT FWD CO. LTD.,

             Defendant.

----------------------------------------------------------------X

07 CIV. _____

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, MED-ASIA SHIPPING LTD. ("Plaintiff"), by and through its attorneys,

Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant,

SHANGHAI SHENGLIAN INTERNATIONAL FREIGHT FORWARDING CO. LTD. a/k/a

SHANGHAI SHENGLIAN INT'L FRT FWD CO. LTD. ("Defendant") alleges, upon

information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Mauritius.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under foreign law with an address in Shanghai.

4.      At all material times, Plaintiff was the disponent Owner of the motor vessel "POMORYE" (hereinafter the "Vessel").

5.      By two fixture notes, both dated July 30, 2007, Plaintiff chartered the Vessel to Defendant for the carriage of two parcels of part cargo from Nantong, China to Alexandria Egypt. *See Fixture Notes annexed hereto as Exhibits "1" and "2."*

6.      The Defendant cancelled the two fixtures five days before the Vessel's arrival at load port.

7.      Defendant was then put on notice that it would have to pay any losses and/or dead freight incurred as the result of its cancellation.

8.      The Vessel's planned rotation for this charter was Longkou to Xiangang, Xiangang to Nantong, Nantong to Cagliari, Cagliari to Marina Di Carrera, Marina Di Carerra to Alexandria.

9.      Due to Defendant's cancellation of the two fixtures, Plaintiff had to find alternate shipments from Xingang for less freight.

10.     Disputes arose between the parties regarding Defendant's failure to pay Plaintiff for the damages/losses caused by its cancellation of the two fixtures. *See Break Down of Losses in Plaintiff's Invoice annexed hereto as Exhibit "3."*

11.     Taking into account the amounts saved by not having to call at Nantong and Alexandria as required under the fixtures, as a result of Defendant's cancellation of charter, Plaintiff has sustained damages in the principal amount of $172,275.00, exclusive of interest, arbitration costs and attorneys fees.

12.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

13.    Despite due demand, Defendant has failed to pay the sums due and owing to Plaintiff.

14.    Thus, Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

15.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings where English law applies.  As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $172,275.00 |
| B. | Interest on claims:<br>3 years at 6.5%, compounded quarterly | | $36,764.79 |
| C. | Estimated attorneys' fees and expenses: | | $55,000.00 |
| D. | Estimated arbitration costs: | | $25,000.00 |
| **Total** | | | **$289,039.79** |

16.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

17.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by

the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and

to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That the Court retain jurisdiction to compel the Defendant to arbitrate in

accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.      That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds held by any garnishee within the District which are due and owing to the Defendant,

in the amount **$289,039.79** calculated to date to secure the Plaintiff's claims, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

E.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: October 23, 2007
       Southport, CT

The Plaintiff,
MED-ASIA SHIPPING LTD.


By:    _____
       Nancy R. Peterson (NP 2871)
       Patrick F. Lennon (2162)
       LENNON, MURPHY & LENNON, LLC
       420 Lexington Ave., Suite 300
       New York, NY 10170
       (212) 490-6050 – phone
       (212) 490-6070 – fax
       nrp@lenmur.com
       pfl@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )      ss.:    Southport
County of Fairfield  )

1.      My name is Nancy R. Peterson.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      October 23, 2007
            Southport, CT


                                        Nancy R. Peterson

**EXHIBIT "1"**

# FIXTURE NOTE
*Dated 30 July 2007*

Performing vessel :

MV POMORYE or nom
23,648MTS SDBC
GLESS
BLT 2007

for
-Acct Shanghai Shenglian Int'l Frt Fwd Co Ltd
  Silverbay Tower C No.469 Wusong Road Shanghai 200080
  room 503

-Disp Owrs: Medasia, Mauritius

- for apart cgo of: 9 UNITS TRUCKS, 801.95CBM/126.13MT
  10.2M x 2.49M x 3.95M, 5 units
  11.9M x 2.49M x 3.80M, 1 unit
  6.80M x 2.496M x 3.668M, 3 units

-- Load owrs berth  Nantong port, China

- Disch Owrs berth Alexandria, Eygpt

- the cgo loaded on deck to be for shippers/chrts/receivers risk and acct and
  b/sl to be marked accordingly.

- load/discahrge terms: full liner terms, hook hook

- lycn: 07 to 20aug 2007,

- frt usd92.00 w/m flt h/h

- l/s/d tbf owrs' acct

- detention clause for non readiness of cargo a/o docs at load/disch port to
  apply detention money to be usd 20,000 pdpr. \

- 100 pct full freight payable to ows nominated bank account free of any bank
  charges levied by remitters bank and/or their correspondence bank to owners
  w/i 7 banking days acol and s/r bsl marked "freight collect" or "freight
  payable as per c/p". "Freight prepaid" bs/l to be s/r only upon full freight
  received. Freight deemed earned upon completion of loading , discountless n
  non-returnable whether ship and / or cargo lost or not lost

- any taxes/dues/fees on cargo/frt to be for chrts acct.
  same on vsl for owners acct.

- vsl to be free of exins

- owners agents bends

- arbitration london according to lmaa standard arbitration cls

- owise as per gencon c/p

- 3.75% ttl your end (2.5% adcom + 1.25% for Richfield )

END

For and on behalf of
SHANGHAI SHENGLIAN INTERNATIONAL FREIGHT FORWARD CO., LTD.

Authorized Signature(s)

For Charterers

For Owners

EXHIBIT "2"

1-856-252-2020

**FIXTURE NOTE**
*Dated 30 July 2007*

- Acct Shanghai Shengllan Freight Forwarding Co, Shanghai

- Medasia shipping ltd as disponent owner

Performing vsl:
MV POMORYE or noon
23,648MTS SDBC
GLESS
BLT 2007

For a port cargo of

- abt 861mts / 3,757 cbm 5 pot molchopt project cgo as per p/l

- cgo to be loaded under/on deck at chrts/shippers/receivers risk and acct. ba/l to be marked accordingly

- PreStowage Plan Subj to Owners and Charterers Mutual Agreement, regarding split between deck/under Deck suitability Charterers ........ a detailed P/L indicating what cargo is stackable and what cargo must go under deck      SUPPLIED

- shore/floating cranes both ends chrts acct

- loadport: one sb sp Nantong, china

- dischport:one sb sp Alexandria (berth at owns optn), Egypt

- laycan                                  5 - 20 th AVGVST 200 7

- If sufficient cargo arrives at Port prior to the commencement of lay Time Owners have the option to commence loading available cargo. Any stoppages dwell time Prior to Laytime commencement not to count as Dem/Det, If the bulk of the cargo arrives just before or after the commencement of Lay Time Owners have the option to bring in a substitute vessel of similar spec always w/l Lay/Can

- both sides under this c/p must g'tee that all negoes and fixtures to be remain strictly private and confdl and not to be reported to any other third parties.

- frt USD 83.00 w/m FIOS LSD

- 100 pct to be paid into owners nominated bank acct within 7 banking days after completion of loading and prior s/r ba/l.

- frt deemed earned on completion of loading discountless and non-returnable vsl and/or cargo lost or not lost.

- loading: 2 ww days shex uu

- discharging: 2 ww days shex uu

- detention charges at the rate of usd 15,000 pdpr,if time lost in waiting for cgo/cgo dox at bends, detention charges incurred at loadport, if any, tb settled together with frt payments and which incurred at dischport, tb settled before commence of discharging.

- demurrage usd 15,000 pdpr -- no despatch

*For and on behalf of*
*Med-Asia Shipping Ltd. (LL03921)*

.............................. *Authorized Signature(s)*

- owners or the master of the vsl shall respectivly give 3/3/2/1/ day(s) eta notice of vsls movements to agent of chrts. nor to be tendered by master to agent by tlx/fax/cable at wkg time at bends.

- any taxes/dues/fees on cargo/frt to be for chrts acct.same on vsl for owners acct.

- vsl free of axtns

- t/t: direct sailing with abt 25-35 days bss agw wp wog

- Owners agents Bens (owners to consider Chrtrs L/Port Agent Sub details/D/A)

- arbitration london according to lmaa standard arbitration cls

- comm 1.25% ADCOM/1.25% Richfield/1.25% Oceanic

- otherwise as per proforma gencon 1994 c/p
-End

For and on behalf of
**CHANGSHA ZHONGLIAN INTERNATIONAL FREIGHT FORWARDING CO.,LTD.**

_Authorized Signature(s)_

For Charterers


For and on behalf of
Med-Asia Shipping Ltd. (LL03921)

_Authorized Signature(s)_

For Owners

**EXHIBIT "3"**

# MED ASIA SHIPPING  LTD.

**Company: Shanghai Shenglian Freight**
Forwarding Co. Ltd.

Invoice No: **MSL7222**

Date: 18 Sept 2007

| Weight | B/L No. | Description | Price | Amount (US$) |
|---|---|---|---|---|
| 3757.000 | | Project cargo<br>Less: 3.75% Commissions | 83.00 per cbm Fios | 311,831.00<br>(11,693.66)<br>300,137.34 |
| 801.000 | | Add:<br>Buses<br>Less: 3.75% Commissions<br>Less usd10 liner terms | 92.00 per cbm FLT | 73,692.00<br>(2,763.45)<br>(8,010.00)<br>62,918.55 |
| | | Less:<br>Substitute cargo frt 2 ports calls, deviation (.075days) bunkers saved and 2 days loading/disch | | (190,780.00) |
| | | *Note:*<br>*(4558cbm deadfreight rated at 37.8/cbm)*<br>*Please remit as per below instructions and confirm.* | | |
| 4558.000 | | **TOTAL AMOUNT DUE** | | 172,275.89 |

Please Remit the above balance **net of bank charges** to the following account and confirmed details by return:

**Payment Details**
Bank          : ABN/AMRO Bank, N.V.
                Hong Kong Branch
Swift Code: ABNAHKHH
A/C No.    :6799167 -USD ACCT.
Beneficiary: : MED ASIA SHIPPING LTD.

**Corresponding Bank Details:**
ABN AMRO Bank N.V., New York, USA
Swift code: ABNAUS33
ABA Number: 026009580